IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LADAMIEN LAVELLE MALONE | ) | |
| 2181 15th Street SW | ) | CASE NO.: |
| Akron, OH 44314 | ) | |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF AKRON, OHIO | ) | |
| c/o City of Akron Law Director | ) | COMPLAINT |
| 161 S. High Street, Suite 202 | ) | (Jury Demand Endorsed Hereon) |
| Akron, Ohio 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF AKRON POLICE DEPARTMENT | ) | |
| 217 S. High Street | ) | |
| Akron, Ohio 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN EDWARDS, III, Individually, and in his | ) | |
| Official Capacity as an Employee of the City of | ) | |
| Akron | ) | |
| c/o Akron Police Department | ) | |
| 217 S. High Street | ) | |
| Akron, Ohio 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SEAN GREGG, Individually, and in his Official | ) | |
| Capacity as an Employee of the City of Akron | ) | |
| c/o Akron Police Department | ) | |
| 217 S. High Street | ) | |
| Akron, Ohio 44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVOR KARAC, Individually, and in his Official | ) | |
| Capacity as an Employee of the City of Akron | ) | |
| c/o Akron Police Department | ) | |

217 S. High Street                                           )
Akron, Ohio 44308                                           )
                                                            )
and                                                         )
                                                            )
ADAM SMITH, Individually, and in his Official               )
Capacity as an Employee of the City of Akron                )
c/o Akron Police Department                                 )
217 S. High Street                                          )
Akron, Ohio 44308                                           )
                                                            )
and                                                         )
                                                            )
EDWARD PATALON, Individually, and in his                    )
Official Capacity as an Employee of the City of             )
Akron                                                       )
c/o Akron Police Department                                 )
217 S. High Street                                          )
Akron, Ohio 44308                                           )
                                                            )
and                                                         )
                                                            )
COUNTY OF SUMMIT, OHIO                                      )
c/o County of Summit, Ohio                                 )
Executive's Office                                          )
Ohio Building - 8th Floor                                   )
175 South Main Street                                       )
Akron, OH 44308                                             )
                                                            )
and                                                         )
                                                            )
KANDY FATHEREE,                                            )
Summit County Sheriff's Office                              )
53 University Avenue                                        )
Akron, Ohio 44308                                           )
Individually and in her official capacity as                )
Sheriff of Summit County, Ohio                             )
                                                            )
and                                                         )
                                                            )
ANY AND ALL OTHER JOHN OR JANE DOES,                       )
EMPLOYED BY CITY OF AKRON, OHIO                             )
Whose Exact Names and Addresses                             )
Cannot Be Ascertained At                                    )
The Present Time                                            )
c/o Akron Police Department                                 )

217 S. High Street                                      )
Akron, Ohio 44308                                      )
Individually and in their official capacities          )
as employees of The City of Akron, Ohio               )
                                                       )
and                                                    )
                                                       )
ANY AND ALL OTHER JOHN OR JANE DOES,                   )
EMPLOYED BY COUNTY OF SUMMIT                           )
Whose Exact Names and Addresses                        )
Cannot Be Ascertained At                               )
The Present Time                                       )
c/o County of Summit, Ohio                             )
Executive's Office                                     )
Ohio Building - 8th Floor                              )
175 South Main Street                                  )
Akron, OH 44308                                        )
Individually and in their official capacities          )
as employees of Summit County, Ohio                   )
                                                       )
Defendants.                                            )
                                                       )

## **INTRODUCTION**

1.   This is a civil rights action in which the plaintiff, Ladamien Lavelle Malone ("Plaintiff"),

seeks relief for the Defendants' violations of his rights secured by the laws of the United States

and of the State of Ohio occasioned by the use of unwarranted and excessive force during his

detention and/or arrest on November 27, 2021 by the defendants, John Edwards, III, Akron

Police Department, OPOTA[1] ID: 234047, Akron Badge # 1545, ("Defendant Edwards"), Sean

Gregg, Akron Police Department, OPOTA ID: 222783, Akron Badge # 1477 ("Defendant

Gregg"), Davor Karac, Akron Police Department, OPOTA ID: 219700, Akron Badge # 1546

("Defendant Karac"), Edward Patalon, Akron Police Department, OPOTA ID: 128019

("Defendant Patalon"), and Adam Smith, Akron Police Department, OPOTA ID: 225198, Akron

---

[1] OPOTA is an acronym for the Ohio Peace Officers Training Academy.

Badge # 1490, ("Defendant Smith"), and/or by Any And All Other John and Jane Does

Employed By City Of Akron, Ohio (the "Akron John and Jane Doe Defendants"),[2] all of whom

were employed at all relevant times by the City of Akron Police Department and/or by the

defendant, City of Akron, Ohio (hereinafter "Akron" and/or the "City"), and by the Akron

Defendant Officers' subsequent denial of medical treatment to Plaintiff, and/or by the subsequent

denial of medical treatment to Plaintiff by Any And All Other John and Jane Does Employed By

County Of Summit (the "Summit County John and Jane Doe Defendants") all of whom were

employed at all times relevant by the defendant, County of Summit, Ohio (" Summit County"),

during Plaintiff's detention in the Summit County Jail (the "Jail"), following Plaintiff's arrest on

November 27, 2021.

## JURISDICTION

2.   This Court has original jurisdiction over the claims presented in Plaintiff's Complaint

based upon the laws of the United States, specifically 42 U.S.C. Section 1983, pursuant to 28

U.S.C. Section 1331.

3.   This Court has supplemental jurisdiction over Plaintiff's claims presented in this

Complaint based upon the laws of the State of Ohio pursuant to 28 U.S.C. Section 1367, because

these claims are so related to claims in the action within the original jurisdiction of this Court, as

stated above, that they form part of the same case or controversy.

## VENUE

4.   Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(1),

because, upon information and belief, one or more of the named Defendants reside within

the Judicial District and all Defendants reside within the State of Ohio.

---

[2] Defendant Edwards, Defendant Gregg, Defendant Karac, Defendant Smith, Defendant Patalon, and the Akron John and Jane Doe Defendants, are hereinafter collectively referred to as the "Akron Defendant Officers".

5.   Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

## PARTIES

6.   Plaintiff, at all times relevant herein, was and is a resident of the City of Akron, Summit County, Ohio.

7.   Akron is an Ohio municipal corporation and/or governmental subdivision of the State of Ohio of which the Akron Police Department is a part thereof.

8.   Summit County is a unit of local government organized under the laws of the State of Ohio and residing in the federal judicial district for the United States District Court, Northern District of Ohio, Eastern Division. Summit County has adopted an alternative form of government pursuant to Ohio Rev. Code § 302.01, under which there is no Board of Commissioners. As a charter county, Summit County is a body corporate and politic capable of suing and being sued and therefore is the proper party in this action, pursuant to Ohio Rev. Code § 301.22. Summit County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

9.   At all times relevant to the matters plead herein, Defendant Edwards was an employee, servant, agent, representative, and/or police officer of the City and/or of the Akron Police Department, which is a department of the City. Defendant Edwards is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case he acted under color of law. He is being sued in his individual as well as his official capacity.

10. At all times relevant to the matters plead herein, Defendant Gregg was an employee, servant, agent, representative, and/or police officer of the City and/or of the Akron Police

Department, which is a department of the City. Defendant Gregg is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case he acted under color of law. He is being sued in his individual as well as his official capacity.

11. At all times relevant to the matters plead herein, Defendant Karac was an employee, servant, agent, representative, and/or police officer of the City and/or of the Akron Police Department, which is a department of the City. Defendant Karac is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case he acted under color of law. He is being sued in his individual as well as his official capacity.

12. At all times relevant to the matters plead herein, Defendant Patalon was an employee, servant, agent, representative, and/or police officer of the City and/or the Akron Police Department, which is a department of the City. Defendant Patalon is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case he acted under color of law. He is being sued in his individual as well as his official capacity.

13. At all times relevant to the matters plead herein, Defendant Smith was an employee, servant, agent, representative, and/or police officer of the City and/or the Akron Police Department, which is a department of the City. Defendant Smith is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case he acted under color of law. He is being sued in his individual as well as his official capacity.

14. At all times relevant to the matters plead herein, the Akron John and Jane Doe Defendants were employee, servants, agents, representatives, policy makers, and/or police officers of the City and/or of the Akron Police Department, which is a department of the City. The Akron John and Jane Doe Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case they acted under color of law. They are being sued in their individual and their official

capacities.

15.  The Jail is a corrections facility owned and operated by Summit County, with its principal place of business located at located at 205 East Crosier Street in Akron, Ohio. The Summit County's Sheriff's Office oversees and manages the Jail's operations, through its employees, agents, and representatives, including, but not limited to, the defendant. Kandy Fatheree ("Sheriff Fatheree"), who is Summit County's Sheriff.

16. At all times relevant hereto, Summit County was the employer and/or principal of Sheriff Fatheree, and of the Summit County John and Jane Doe Defendants and/or of the corrections officers and/or other Summit County Sheriff's personnel working at the Jail.

17. Sheriff Fatheree is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case he acted under color of law. She is being sued in his individual as well as his official capacity.

18. The Summit County John and Jane Doe Defendants are those individuals and entities whom, at all relevant times, were either employees, policy makers, and/or agents of Summit County, or acting on behalf of Summit County, and/or acting under the supervision, agency and/or authority of Summit County and/or of the other Defendants named herein, and/or were private persons working under contract with Summit County. The Summit County John and Jane Doe Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case they acted under color of law. They are being sued in their individual and their official capacities.[3]

19. At all times relevant to the matters plead herein, the Akron and Summit County John and

---

[3] Summit County, Sheriff Fatheree, and the Summit County John and Jane Doe Defendants are hereinafter collectively referred to as the "Summit County Defendants".

Jane Doe Defendants are those parties whose improper actions adversely affected the Plaintiff, but who cannot be readily identified and whose names will be made known as their identities become known through discovery.

**FACTS OF THE CASE**

20. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

21. On November 27, 2021, the Akron Defendant Officers were dispatched to 666 Arbutus Street, Akron, Ohio 44307 in response to a call made by Jordan James ("James").

22. According to the Akron Police Department Field Case Report prepared by Defendant Smith, upon their arrival, the Akron Defendant Officers spoke with James, who claimed that Plaintiff, who was James' neighbor and who was residing at 670 Arbutus Street, Akron, Ohio 44307 at the time, was verbally shouting at James from his porch because he had purportedly recorded a fight between Plaintiff and his mother; this claim was not corroborated by the Akron Defendant Officers.

23. According to the Akron Police Department Field Case Report prepared by Defendant Smith, James further claimed that Plaintiff flashed a gun in his direction and that James then went and got his gun and called the Akron Police; this claim also was not corroborated by the Akron Defendant Officers.

24. In fact, according to the Akron Police Department Field Case Report prepared by Defendant Smith, there were no independent witnesses or video evidence to corroborate either James's claim that Plaintiff and his mother had been fighting or his claim that Plaintiff had flashed a gun at him.

25. According to the Akron Police Department Field Case Report prepared by Defendant

Smith, the Akron Defendant Officers then went to speak with Plaintiff, who was reported as being upset about the incident with James and with the Akron Defendant Officers' presence at his residence.

26. The Akron Defendant Officers spoke with Plaintiff for approximately half an hour in the Front yard outside of his residence without incident. During this time the Akron Defendant Officers never saw Plaintiff with a gun or any other weapon, and the Plaintiff did nothing to threaten the Akron Defendant Officers, or anyone else, either physically or otherwise.

27. At no time during the Akron Defendant Officers' conversation with Plaintiff outside of his residence did the Akron Defendant Officers advise Plaintiff of his constitutional rights or that he was being placed under detention or arrest.

28. According to the Akron Police Department Field Case Report prepared by Defendant Smith, Plaintiff informed the Akron Defendant Officers that James was the only one with a gun, and that Plaintiff never had a gun.

29. In fact, Plaintiff did not have a gun, and the Akron Defendant Officers never found a gun In Plaintiff's possession or on Plaintiff's property.

30. Furthermore, the Akron Defendant Officers never saw Plaintiff brandishing a gun or any Other type of weapon nor did the Akron Defendant Officers ever observe Plaintiff to be acting in a physically threatening manner.

31. After talking with the Akron Defendant Officers in the front yard outside of his residence, and having not been advised by the Akron Defendant Officers of either his constitutional rights or that he was being detained or placed under arrest, Plaintiff walked away from the Akron Defendant Officers and went into his house.

32. The Akron Defendant Officers proceeded to follow Plaintiff into his home, without a

warrant, whereupon they gang tackled and attacked Plaintiff without provocation and forcibly threw him to the floor, at a time when he was unarmed and posed no threat.

33. After the Akron Defendant Officers attacked Plaintiff, and with knowledge that their attack had caused visible injuries to Plaintiff, and despite Plaintiff's complaints to the Akron Defendant Officers that he was injured and that his head hurt, the Akron Defendant Officers nevertheless maliciously, recklessly, wantonly, willfully, and/or intentionally denied medical evaluation, care, and treatment to Plaintiff in conscious disregard of his safety and rights and in deliberate indifference to his medical needs and constitutional rights.

34.  The Akron Defendant Officers' unprovoked attack of Plaintiff and use of unwarranted excessive force was perpetrated in front of Plaintiff's girlfriend, Lakeia Hardges ("Hardges"), and his daughter, Lakiyah Malone, who was three years old at the time.

35. The Akron Defendant Officers' unprovoked attack of Plaintiff and unwarranted use of Excessive force was also filmed by Hardges, and the video corroborates the facts that Plaintiff was unarmed and did not pose any threat to the Akron Defendant Officers or anyone else.

36. As a direct and proximate result of the aforesaid Akron Defendant Officers' unprovoked Attack of Plaintiff and unwarranted use of excessive force, Plaintiff sustained severe and permanent injuries to his head, including a brain aneurysm, and he continues to suffer from headaches and vision problems. Plaintiff also has suffered extreme pain and mental anguish therefrom and due to the severe and permanent nature of his head injuries he shall continue to suffer extreme pain and anguish into the future.

37. As a direct and proximate result of the aforesaid Akron Defendant Officers' unprovoked

Attack of Plaintiff and unwarranted use of excessive force, Plaintiff also sustained injuries to his hands, as well as other parts of his body, and he also has suffered extreme pain and mental anguish therefrom.

38. As a direct and proximate result of the aforesaid Akron Defendant Officers' unprovoked attack of Plaintiff and unwarranted use of excessive force, Plaintiff also has incurred medical expenses in an amount not yet determined, and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future, which cannot be determined at this time.

39. As a direct and proximate result of the aforesaid Akron Defendant Officers' unprovoked Attack of Plaintiff and unwarranted use of excessive force, Plaintiff also has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and a loss of enjoyment of life, and he will suffer further pain and suffering and loss of ability to perform usual functions and to enjoy life in the future.

40. On the day in question, the Akron Defendant Officers jointly and severally undertook to administer punishment and committed assault and battery of Plaintiff, contrary to his federal and state constitutional rights.

41. After attacking and injuring Plaintiff, the Akron Defendant Officers, jointly and/or severally, then acted maliciously, willfully, wantonly, and in reckless disregard of and/or with deliberate indifference to Plaintiff' serious medical condition, his safety, life, and constitutional rights, by denying Plaintiff medical care and treatment.

42. After Plaintiff was brought to the Jail, the Summit County Defendants also acted

maliciously, willfully, wantonly, and in reckless disregard of and/or with deliberate indifference to Plaintiff' serious medical condition, his safety, life, and constitutional rights, by denying Plaintiff medical care and treatment.

43. As a direct and proximate result of the above described unlawful and malicious acts of the City, the Akron Defendant Officers, and the Summit County Defendants, jointly and/or severally, all committed under color of their authority and while acting in their capacity as City and/or Summit County employees, and in conformity with the policies or lack of policies of the City and/or of the City's Police Department and/or of Summit County, the Summit County Sherriff's Office, Sheriff Fatheree, and/or the Jail, Plaintiff suffered great bodily harm and emotional trauma, pain, injury and suffering, and violation of his rights provided by Ohio and Federal law.

44. As a direct and proximate result of the above-described acts, Plaintiff was deprived of his rights and immunities secured to him under the constitutions and laws of the United States and State of Ohio, including but not limited to his right to due process, to be free from use of excessive force, to be secure in his person, to be free from cruel and unusual punishment without due process, and to be afforded equal protection of the law.

45. The failure of the Akron Defendant Officers, of the City, and/or of the City's policy makers, and/or of Summit County's supervisory personnel, including, but not limited to, the City's Police Chief, and/or their agents, representatives and/or employees, to implement appropriate policies and procedures, communicate lawful policies and procedures, training, education, and appropriate supervision in the use of force and provision of necessary medical treatment to detainees and/or arrestees amounts to gross negligence and a malicious, intentional, willful, wanton, reckless, and/or deliberate indifference to the safety and citizens of Akron and

Summit County, which was a proximate cause of the injuries and damages suffered by Plaintiff, and which provides for direct liability against the City, the Akron Defendant Officers, and the Summit County Defendants, jointly and severally, for compensatory and punitive damages.

## FIRST CAUSE OF ACTION
**(Unnecessary and Excessive Use of Force, Deliberate Indifference to Serious Medical Needs and Denial of Medical Care and Treatment, Cruel and Unusual Punishment, Violation of Civil Rights Under 42 U.S.C. §1983)**

46. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

47. The acts of the Akron Defendant Officers in attacking and injuring Plaintiff constituted An excessive use of force, and/or an unreasonable seizure, and deprived Plaintiff of his right to be free from an unlawful seizure and his right to life and liberty as guaranteed by the Ohio Constitution, the United States Constitution, and state and federal law.

48. Alternatively, the Akron Defendant Officers' alleged statements of facts are untrue, in whole or in part, and constitutes a pretextual misrepresentation of unnecessary use of force and cover-up.

49. These acts and/or omissions by the Akron Defendant Officers directly and proximately Caused Plaintiff to suffer the physical and psychological injuries plead herein.

50. The Akron Defendant Officers and the Summit County Jail's staff, including, but not limited to, Sheriff Fatheree, and the Summit County John and Jane Doe Defendants were deliberately indifferent to the serious medical needs of Plaintiff.

51. The acts and/or omissions of the City, the Akron Defendant Officers, and the Summit County Defendants, as plead herein were legally malicious and proximately resulted in the severe injury of Plaintiff and the physical and psychological injuries plead herein.

52. Plaintiff is entitled to recovery for the Akron Defendant Officers' and the Summit

County Defendants' violations of the Ohio and United States Constitutions, and state and federal law, pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
### (Failure to Train and Supervise - Violation of Rights Under 42 U.S.C. §1983)

53. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

54. The City and its policymakers, and/or the Akron John and Jane Doe Defendants knew that officers in the Akron Police Department systemically violated the constitutional rights of suspects, detainees, and arrestees by, among other things and not by means of limitation, using unwarranted and excessive use of force, and by denying medical care and treatment to suspects, detainees, and arrestees, yet the City and its policymakers nevertheless failed to implement policies, procedures practices, customs, and usages to effectively prevent such constitutional violations.

55. The risk of harm to persons associated with the unwarranted and excessive use of force and/or the denial of medical care and treatment to suspects, detainees, and arrestees is well known by law enforcement officials and by correctional officials, and was well known to the City and to Summit County and their respective policymakers. The City and Summit County and their respective policymakers, and/or the Akron John and Jane Doe Defendants, and Summit County, Sheriff Fatheree, and any Summit County John or Jane Doe Defendants, had policies, practices, customs and usages which caused suspects, detainees, arrestees, and/or inmates in the custody of the City's Police Department personnel, including but not limited to the Akron Defendant Officers, and/or at the Jail to suffer serious symptoms as a result of the use of excessive force and/or by the denial of proper medical evaluation and medical care. By following such policies the City, the Akron Defendant Officers, and the Summit County Defendants were deliberately indifferent to the constitutional rights of Plaintiff and to the serious medical needs of Plaintiff.

56. The City and Summit County and  their respective policymakers, and/or the Akron John and Jane Doe Defendants, and Sheriff Fatheree, and any Summit County John or Jane Doe Defendants, were also deliberately indifferent to the constitutional rights of Plaintiff by failing to train staff and and/or enforce policies, practices, customs and usages that adequately addressed the known health and safety risks posed to inmates, including in particular but not limited to suspects, detainees, arrestees, and/or inmates who are subjected to unwarranted and excessive use of force, and by the denial of medical care, while detained and/or in custody.

57. The City and Summit County and their respective policymakers, and/or the Akron John and Jane Doe Defendants, Sheriff Fatheree, and any Summit County John or Jane Doe Defendants, were also deliberately indifferent to the constitutional rights of Plaintiff, associated with unwarranted and excessive use of force, and by the denial of medical care, as demonstrated by their failure to implement adequate policies, procedures practices, customs and usages to effectively prevent instances of unwarranted and excessive use of force and the denial of medical from occurring.

58. The City and Summit County and their respective policymakers, and/or the Akron John and Jane Doe Defendants, Sheriff Fatheree, and any Summit County John or Jane Doe Defendants, and/or their respective employees and/or agents, acted negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the Plaintiff's constitutional rights and to the serious medical needs of Plaintiff.

59. Following the detention and/or arrest of Plaintiff on November 27, 2021, the City and Summit County and their respective policymakers, and/or the Akron John and Jane Doe Defendants, Sheriff Fatheree, and any Summit County John or Jane Doe Defendants, and/or their respective employees and/or agents, failed to have Plaintiff properly evaluated by a physician or

other appropriate health care professional, failed to implement adequate policies, procedures practices, customs and usages to effectively prevent the unwarranted and excessive use of force and the denial of medical care, and failed to establish or implement policies, procedures practices, customs and usages that would have prevented unwarranted and excessive use of force and the denial of medical care to suspects, detainees, arrestees, and/or inmates, including but not limited to Plaintiff, and failed to implement procedures practices, customs and usages and/or provide appropriate and adequate training to their respective personnel regarding same.

60. The unwarranted and excessive use of force and the denial of medical care to which Plaintiff was subjected was foreseeable by the City and Summit County and their respective policymakers, and/or by the Akron John and Jane Doe Defendants, Sheriff Fatheree, and any Summit County John or Jane Doe Defendants, and/or by their respective employees and/or agents.

61. Plaintiff's pain, suffering, injuries, and damages, as set forth above and herein, were preventable had adequate policies, procedures practices, customs and usages been implemented and/or had adequate training and supervision been provided, by the City and Summit County and/or by their respective policymakers, and/or by the Akron John and Jane Doe Defendants, Sheriff Fatheree, and/or by any Summit County John or Jane Doe Defendants, and/or by their respective employees and/or agents.

### THIRD CAUSE OF ACTION – Violation of Ohio Rev. Code §311.05
### (Sheriff Fatheree's Liability for Conduct of Deputies)

62. Plaintiff incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

63. Pursuant to Ohio Rev. Code §311.05, Sheriff Fatheree was responsible for the neglect of duty or misconduct in office of any of his deputies which he ordered, had prior knowledge of, participated in, acted in reckless disregard of, or ratified.

64. Sheriff Fatheree had prior knowledge of, participated in, acted in reckless disregard of,

and/or ratified, among other things, multiple instances by his deputies at the Jail of denial of medical treatment and denial of constitutional rights at the Jail.

65. As a direct and proximate result of engaging in the conduct described in detail and enumerated above in the foregoing paragraphs of this Complaint, Sheriff Fatheree violated Ohio Rev. Code §311.05, and he is responsible for the neglect of duty and misconduct in office of his deputies with regard to Plaintiff.

66. As a direct and proximate result of Sheriff Fatheree's and his deputies' violations of Ohio Rev. Code §311.05, Plaintiff suffered serious physical injuries, mental anguish, emotional distress, conscious pain and suffering, and incurred medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.  Award Plaintiff compensatory damages in an amount to be shown at trial;

B.  Award punitive damages against all Defendants, except the City and Summit County, in an amount to be shown at trial;

C.  Award Plaintiff reasonable attorney's fees, interest, costs, and disbursements;

D.  Grant Plaintiff such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,


**/s/ *Brian Green***

_____
BRIAN GREEN (0063921)
bgreen@shaperolaw.com
JAMES A. MARX (0038999)
jmarx@shaperolaw.com
Signature Square II, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio  44122
Telephone: (216) 831-5100
*Attorneys for Plaintiff*