# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LADAMIEN LAVALLE MALONE, | ) | CASE NO. 5:23-cv-2273 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CITY OF AKRON, OHIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Now before the Court is the motion of plaintiff, Ladamien Lavalle Malone, filed September 5, 2024, to amend the case schedule. (Doc. No. 31 (Motion).) Defendants, City of Akron, City of Akron Police Department, John Edwards III, Sean Gregg, Davor Karac, Adam Smith, and Edward Patalon (collectively "City defendants"), oppose the motion. (Doc. No. 33 (Response).)

On November 22, 2023, plaintiff filed this civil rights action, alleging that law enforcement officials employed excessive and unnecessary force in effecting plaintiff's arrest on November 27, 2021. (Doc. No. 1 (Complaint) ¶ 1.) On April 24, 2024, the Court conducted a case management conference. (Minutes of Proceedings [non-document], 4/24/2024.) After receiving input from the parties, the Court set dates and deadlines to govern the case. (Doc. No. 22 (Case Management Plan and Trial Order ("CMPTO")).) Pertinent to the present motion, the Court set September 20, 2024, as the deadline for conducting fact discovery and February 18, 2025, as the deadline for filing dispositive motions. (Doc. No. 22.) Both dates were jointly proposed by the parties. (*See* Doc. No. 18 (Report of Parties' Planning Meeting), at 2–3.)

Plaintiff now moves—fifteen days before the end of fact discovery—for leave to extend the fact discovery cut-off date and the dispositive motion deadline by 60 days. (Doc. No. 31, at 1.) In support, plaintiff represents—without elaboration—that the "Parties have not been dilatory about pursuing discovery . . . [w]ritten discovery has been exchanged." (*Id*. at 2.) He further represents that "[t]he Parties anticipate that multiple depositions of the numerous defendants are needed to complete discovery." (*Id*.) In opposing the motion, City defendants insist that plaintiff has not demonstrated good cause for such an extension. In particular, City defendants underscore that plaintiff "has not served any written discovery requests" upon City defendants and has not made "any attempts to schedule depositions[.]"[1] (Doc. No. 33, at 3.)

"Rule 16 [of the Federal Rules of Civil Procedure] permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (affirming trial court's denial of plaintiff's motion to extend expert discovery deadlines for want of good cause (quoting Fed. R. Civ. P. 16(b)(4))). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Id*. (quoting *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2001)); *see also Dowling v. Cleveland Clinic Found*., 593 F.3d 472, 478 (6th Cir. 2010) (listing factors—including when the party learned of the issue that is the subject of discovery, the length of the discovery period, and any dilatory conduct by the moving party—to guide consideration of requests to amend the court's scheduling order (citation omitted)).

---

[1] City defendants note that "contrary to Plaintiff's assertion . . . that 'written discovery has been exchanged'[, o]nly the Defendants[] have served written discovery, to which Plaintiff has partially responded." (*Id*. at 3 n.1 (quoting Doc. No. 23).)

The Court finds that plaintiff has failed to demonstrate that he exercised diligence in attempting to meet the Court's deadlines. As the fact discovery deadline fast approaches, it appears that plaintiff has failed to conduct *any* discovery. Instead, on the eve of the fact discovery cut-off, he now seeks additional time to *begin* to conduct discovery. And this notwithstanding that in the parties' joint status report of June 7, 2024, plaintiff's counsel reported that plaintiff was in the process of preparing written discovery (*see* Doc. No. 24), and as late as the parties' July 30, 2024 joint status report, plaintiff reported that there were no developments that might give rise to a need to deviate from the Court's CMPTO. (*See* Doc. No. 29.) It is difficult to understand why plaintiff was just beginning to *think about* propounding written discovery over two months after the case management conference and over seven months after the complaint was filed. Yet, the discovery apparently was not propounded even then because in the joint status report filed on September 5, 2024, plaintiff indicates that he "is propounding written discovery upon named Defendants and will be scheduling depositions upon receipt of responses." (*See* Doc. No. 32, at 1.) Plaintiff's failure to serve discovery up to this point demonstrates a complete lack of diligence on his part—especially since he represented in June that written discovery was forthcoming.

And even if plaintiff managed to propound written discovery requests before September 20, 2024, the end of the Court's fact discovery deadline, the requests would be untimely. The governing Federal Rules of Civil Procedure (Fed. R. Civ. P. 33(b)(2), 34(b)(2)(a), and 36(a)(3)) give parties 30 days in which to respond to written discovery. District courts within the Sixth Circuit have interpreted these Rules as requiring that "a party must serve his discovery requests at least thirty days before the court-ordered discovery deadline to be timely and to necessitate a response." *Sullivan v. Family Dollar Stores, Inc.*, No. 3:19-cv-846, 2021 WL 6882418, at *2 (W.D. Ky. Oct. 7, 2021) (quoting *Appalachian Reg. Healthcare, Inc. v. U.S. Nursing Corp.*, No. 7:14-cv-

3

122, 2017 WL 9690401, at *5 (E.D. Ky. Sept. 1, 2017) and collecting cases)).

Additionally, from the September 5, 2024 joint status report, it appears that plaintiff is only now thinking that he should schedule some depositions. (*Id.*) Given the allegations in the complaint and the nature of plaintiff's claims, it should have been evident from the inception of the case that depositions of the key actors would be useful in defending summary judgment and/or presenting the case at trial. Yet, plaintiff has made no efforts to notice any depositions. Again, this demonstrates a complete lack of diligence on plaintiff's part.

Further, the Court finds that, at this stage in the litigation, an extension of discovery would prejudice City defendants because any such extension would have the cascading effect of jeopardizing the Court's remaining dates and deadlines.[2] City defendants have a right to have the Court reach the merits of the case, and, accordingly, the Court cannot justify delaying the disposition of this case based upon plaintiff's dilatory conduct.

Because plaintiff has failed to demonstrate good cause, his motion to amend the CMPTO is denied.

**IT IS SO ORDERED**.

Dated: September 9, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] By extending the dispositive motion deadline from February 18, 2025, to plaintiff's proposed date of April 19, 2025, any dispositive motion would not be fully briefed until *after* May 30, 2025, leaving the Court an insufficient time to resolve the motion, putting both the final pretrial conference and the trial dates at risk.