# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LADAMIEN LAVALLE MALONE, | ) | CASE NO. 5:23-cv-2273 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINOIN |
| | ) | AND ORDER |
| CITY OF AKRON, OHIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff, Ladamien Lavalle Malone, for reconsideration of the Court's Order denying plaintiff's motion to amend dates and deadlines in the Court's Case Management Plan and Trial Order ("CMPTO"). (Doc. No. 35 (Motion for Reconsideration); *see* Doc. No. 34 (Order); Doc. No. 31 (Motion to Amend); Doc. No. 22 (CMPTO).) Defendants, City of Akron, City of Akron Police Department, John Edwards III, Sean Gregg, Davor Karac, Adam Smith, and Edward Patalon (collectively "City defendants"), oppose the motion. (Doc. No. 36 (Response).)

On September 5, 2024—fifteen days before the end of fact discovery—plaintiff sought leave to extend by 60 days both the deadline for fact discovery and the deadline for filing dispositive motions. (Doc. No. 31, at 1.) City defendants opposed the motion. (*See* Doc. No. 33.) In an Order, dated September 9, 2024, the Court denied the motion, finding "plaintiff has failed to demonstrate that he exercised diligence in attempting to meet the Court's deadlines." (Doc. No. 34, at 3.) In reaching this conclusion, the Court emphasized that plaintiff let most of the fact

discovery period pass without conducting *any* discovery. (*Id*. (noting plaintiff had not propounded any written discovery and had not attempted to notice a single deposition).) "Instead," the Court observed, "on the eve of fact discovery cut-off, [plaintiff] now seeks additional time to *begin* to conduct discovery." (*Id*. (emphasis in original).) This, the Court found, fell well short of demonstrating the "good cause" needed to justify the extension of the Court's dates and deadlines.[1] (*Id*. ("Plaintiff's failure to serve discovery up to this point demonstrates a complete lack of diligence on his part—especially since he represented in June [in a joint status report] that written discovery was forthcoming.")).

Plaintiff now seeks reconsideration of this ruling, noting that, "for privacy reasons, [p]laintiff did not disclose that one of the attorneys with significant responsibility on this matter, James Marx, incurred significant health problems beginning in later March of 2024." (Doc. No. 35, at 1.) Plaintiff further offers that another attorney, Sean Burke, "took over working on this case internally at [the] firm[,]" and that he "prepared written discovery requests for submission that had inadvertently not been served." (Doc. No. 35-1 (Affidavit of Sean Burke) ¶¶ 1–5; *see* Doc. No. 35, at 1.) Plaintiff promises that, if granted an extension, his counsel "can assure this Court that it will move forward expeditiously." (Doc. No. 35, at 2.)

**I.     PLAINTIFF'S MOTION FOR RECONSIDERATION**

**A.  Standard of Review**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. Such motions are typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P.

---

[1] The Court also determined that the requested extension would prejudice City defendants "because any such extension would have the cascading effect of jeopardizing the Court's remaining dates and deadlines." (*Id*. at 4 & n.2.)

59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). The purpose of Rule 59(e), however, is not to provide an unhappy litigant with an opportunity to relitigate issues already considered and rejected by the Court. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, No. 5:15-cv-1310, 2016 WL 3555431, at *3 (N.D. Ohio June 30, 2016) (citing *Dana Corp. v. United States*, 764 F. Supp. 482, 488–89 (N.D. Ohio 1991)). Neither is a Rule 59(e) motion properly used to advance a new legal theory or evidence to support a prior argument when either or both, with due diligence, could have been discovered and offered during the initial consideration of the issue. *McConocha v. Blue Cross and Blue Shield Mut. Of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

Generally, only three situations justify a district court in altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error or prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1988)); *see also Huff v. FirstEnergy Corp.*, No. 5:12-cv-2583, 2014 WL 2441768, at *2 (N.D. Ohio May 29, 2014) (The party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." (quotation marks and citation omitted)).

**B. Discussion**

Plaintiff does not represent that there has been an intervening change in controlling law, nor does he suggest that reconsideration is needed to correct a clear error or prevent a manifest injustice. Moreover, it is clear the basis for his motion is the health of one his attorneys and the

failure of another attorney to timely serve written discovery. The evidence supporting these grounds is not new and was obviously available to plaintiff and his counsel when the initial motion was filed. While the Court can understand plaintiff's desire to respect Attorney Marx's privacy regarding his health problems, plaintiff could have requested that the information concerning Attorney Marx's medical issues be presented *in camera*[2] or under seal. Instead, plaintiff opted for a piecemeal approach by employing a Rule 59(e) motion to present evidence that has been in his possession and/or that of counsel's for months. *See McConocha*, 930 F. Supp. at 1184. Plaintiff has not demonstrated a proper basis for the Court to reconsider its prior order, and, for this reason alone, plaintiff's motion for reconsideration must be denied.

But even if plaintiff had presented this evidence to the Court in his original motion, it would have been insufficient to demonstrate good cause. Plaintiff and his counsel have known about Attorney Marx's medical issues since "later March 2024[,]" a month before the Court conducted the case management conference in this case and well before the start of fact discovery. (Doc. No. 35, at 1; *see* Minutes of Proceedings [non-document], 4/24/2024.) Notwithstanding this knowledge, plaintiff's counsel agreed to the jointly proposed deadlines that have governed this case, and reported in status reports throughout the pendency of discovery that there were no issues that could "give rise to a request to deviate from the Case Management Plan." (Doc. Nos. 24, 29.)[3]

---

[2] In fact, plaintiff and his counsel were clearly aware of the ability to present evidence *in camera* as they suggested in the present motion that they could provide copies of Attorney Marx's medical records for an *in camera* inspection. (Doc. No. 35, at 1.)

[3] As set forth in its CMPTO, the Court requires the filing of joint 45-day status reports, and it cautions the failure to file such reports "will affect the Court's willingness to grant requested extensions of time[.]" (Doc. No. 22, at 2.) The Court relies on these report to keep it apprised of the progress of each case and to alert it to any potential problems that may jeopardize the dates and deadlines. Plaintiff's failure to include relevant information in prior status reports, or otherwise put the Court on notice of an important development in this case, has resulted in the very problem the status reports were meant to avoid.

Moreover, while plaintiff designated Attorney Marx as lead counsel (*see* Doc. No. 18 (Report of Parties' Planning Meeting), at 1 ¶ 2), at least two other attorneys have participated in the prosecution of this case. Attorney Brian Green has appeared on the docket as counsel since the inception of the case (*see* Doc. No. 1 (Complaint), at 18), and the docket reflects that he has been actively involved in plaintiff's representation. (*See, e.g.*, Doc. Nos. 24, 26, 27; Doc. No. 36-1 (Email of counsel, dated July 15, 2024, at 1.) Additionally, Attorney Sean Burke avers that he "took over working on this case internally" after Attorney Marx was diagnosed with a serious medical condition (which plaintiff indirectly suggests was sometime in later March 2024). (Doc. No. 35-1 ¶¶ 3–4; *see* Doc. No. 35, at 1.) Given that there have been at least two attorneys other than Attorney Marx working on this case at all times, the Court finds that the need to shift certain responsibilities between counsel within the same firm fails to demonstrate good cause for the failure to conduct *any* discovery to date in this case. *See Kesterson v. Kent State Univ.*, No. 5:16-cv-298, 2018 WL 2129610, at *7 n.7 (N.D. Ohio May 8, 2018) (concluding that, where multiple attorneys are assigned to a case, health issues of one attorney and "internal staffing decisions" of counsel were insufficient to justify a substantial delay).[4]

Likewise, Attorney Bean's representation that he prepared written discovery that was "inadvertently" not served does not justify amending the CMPTO. (*See* Doc. No. 35-1 ¶ 5.) Carelessness or attorney error is insufficient to constitute good cause under Rule 16(b), even when a party was not informed of his attorney's actions (or inactions). *See Banks v. City of Phila.*, 309

---

[4] Indeed, courts have rejected even the need to retain entirely new counsel as a source of "good cause." *See, e.g., Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, No. 14-cv-877, 2016 WL 7319670, at *3 (D. Del. Dec. 15, 2016) (finding "new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause" (collecting cases)); *Cardenas v. Whittemore*, No. 13-cv-720, 2015 WL 4410643, at *2 (S.D. Cal. July 16, 2015) (holding "[m]ere substitution of counsel is insufficient cause to amend a scheduling order").

F.R.D. 287, 290–91 (E.D. Penn. 2015) (citations omitted). Notably, even under the less demanding "excusable neglect" standard in Fed. R. Civ. P. 6(b)(1)(B), an attorney's error will not ordinarily support a request for an extension. *See Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006) (Attorney error or inadvertence "will not ordinarily support a finding of excusable neglect . . . ."); *Blazer v. Chisman Mill Farms, LLC*, No. 5:17-cv-430, 2018 WL 1089274, at *2–3 (E.D. Ky. Feb. 28, 2018) (collecting cases).

Nothing plaintiff has presented in his motion for reconsideration has convinced the Court that good cause exists to continue the dates and deadlines at this stage in the litigation. The Court has both the right and duty to manage its docket in a timely and effective manner, and the Court cannot justify delaying the disposition of this case based upon plaintiff's dilatory conduct. *See Dietz v. Bouldin*, 579 U.S. 40, 47, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (collecting cases)); *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (District courts enjoy wide latitude in "manag[ing] the discovery process and control[ling] their dockets." (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992))).

For the foregoing reasons, as well as the reasons set forth in the Court's September 9, 2024 Order, plaintiff's motion for reconsideration (Doc. No. 35) is denied.

**IT IS SO ORDERED**.

Dated: September 16, 2024

                                          **HONORABLE SARA LIOI**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**